# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | ) ) ) | CIVIL ACTION NO. 2:13-MC-00048 |
| Defendant-Petitioner, | ) ) | |
| vs. | ) ) ) ) | (Related action: Adv. Pro. No.: 2:12-AP-02026 in Bankruptcy Case No. 11-20818 (Chapter 13)) |
| JULIE RENEE BUTLER, | ) ) | |
| Plaintiff-Respondent. | ) ) | |

---

## MOTION TO SHORTEN BRIEFING SCHEDULE AND FOR EXPEDITED CONSIDERATION OF REQUEST FOR TEMPORARY STAY AND MOTION FOR GENERAL STAY PENDING APPEAL

---

**NOW COMES** the Defendant-Petitioner, Vanderbilt Mortgage and Finance, Inc., ("Vanderbilt"), by and through undersigned counsel and pursuant to L.R. Civ. P. 7.1(a)(7) and (a)(9), and hereby respectfully moves for expedited consideration of its Motion to Stay Adversary Proceedings Pending Appeal filed contemporaneously herewith.  In support of this Motion, Vanderbilt respectfully shows unto the Court the following:

1.    Plaintiff-Respondent Julie Renee Butler filed in the United States Bankruptcy Court for the Southern District of West Virginia Adversary Proceeding No.: 2:12-AP-02026 (the "Adversary Proceeding"), in which she asserted claims that are subject to a valid and binding arbitration agreement.  (App. to Mot. Stay (hereinafter "App.") (App. 1-2, 18-27).   Vanderbilt sought arbitration of the claims raised by Plaintiff-Respondent, and the Bankruptcy Court denied Vanderbilt's motions to compel arbitration.  (App. 28-44, 189, 249-253, 275-278).

1

2.      Vanderbilt has appealed to this court from the orders of the bankruptcy court denying the motions to compel arbitration.  (App. 282-286, 287-304). The denial of a motion to compel arbitration involves a substantial right and is immediately appealable.  See 9 U.S.C § 16; Rota-McLarty v. Santander Cons. USA, Inc., 700 F.3d 690, 696 (4th Cir. 2012).

3.      By operation of the law, an automatic stay of the underlying proceeding occurs upon an appeal from the denial of a motion to compel arbitration.  Levin v. Alms & Assocs., Inc., 634 F.3d 260, 264–66 (4th Cir. 2011).  The automatic stay pending appeal applies to appeals from bankruptcy courts on the same basis as it applies to appeals from a district court.  Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 213-14 (3d Cir. 2007).

4.      Vanderbilt sought recognition of the automatic stay pending appeal, or, in the alternative, a discretionary stay by the bankruptcy court.   (App. 305-307, 308-320). The bankruptcy court ordered that the adversary proceeding shall proceed, notwithstanding the automatic stay pending appeal.  (App. 321-322). Further, the bankruptcy court indicated that it intends to enter a scheduling order and to attempt to try the adversary proceeding.  (Id.). The scheduling orders entered in the bankruptcy court often call for proceedings to occur on a more expeditious schedule than proceedings in other courts generally do, such that the matter is likely to be tried before Vanderbilt's appeal will be fully decided by this court, and, if necessary,  the Fourth Circuit Court of Appeals.  The entry of any scheduling order in the adversary proceeding would be prejudicial to Vanderbilt, in that, inter alia, it would conflict with Vanderbilt's right to arbitration and Vanderbilt's right to pursue an appeal from the denial of a motion to compel arbitration.

5.      Even prior to the denial of the Motion to Stay by the bankruptcy court, and notwithstanding the existence of the automatic stay pending appeal, Respondent purported to

propound written discovery requests to Vanderbilt on April 1, 2013.  Plaintiff-Respondent's attempt to obtain discovery in the adversary proceeding also is prejudicial to Vanderbilt, as it conflicts with Vanderbilt's right to arbitration and Vanderbilt's right to pursue an appeal of the denial of the motion to compel arbitration.

6.       Pursuant to Federal Rule of Bankruptcy Procedure 8005, Vanderbilt has filed a motion for general stay pending appeal and request for temporary stay of the Adversary Proceeding pending determination by this court of the motion for general stay.  (Dkt. No. 1 in this action.) Vanderbilt refers to and incorporates herein by reference the arguments and authorities set out in that motion and in the memorandum of law filed in support thereof.  (Id.). For the same reasons that a temporary stay is both necessary and appropriate, expedited consideration of the request for temporary stay and the general stay motion is both necessary and appropriate.

7.       Vanderbilt respectfully requests that the Court impose the following deadlines on the motion to stay:

a.       That any response or objection to Vanderbilt's request for a temporary stay be due on or before the close of business on Monday, April 22, 2013, with any reply thereto due by 11:59 p.m. on Wednesday, April 24, 2013;

b.       That any response to Vanderbilt's request for a general stay pending appeal be due Friday, April 26, 2013, with any reply thereto due Wednesday, May 1, 2013.

c.       That the Court issue a ruling on the request for temporary stay and on the motion for general stay as soon as is reasonably convenient for the Court.

8.       Alternatively, Vanderbilt respectfully requests that the Court either determine an appropriate schedule that will bring about an expedited resolution or grant, without further

proceedings, Vanderbilt's request for temporary stay so that the Adversary Proceeding will be stayed while this Court considers and rules upon the general motion to stay.

9.      Expedited treatment will not prejudice Respondent. Most, if not all, of the issues being submitted to this Court were briefed below in the bankruptcy court. Further, Plaintiff has never confirmed a Chapter 13 plan; she generally has not been making plan payments; and staying the Adversary Proceeding pending appeal will not otherwise interfere with Plaintiff's bankruptcy. (App. 14-17, 152, 279-281).

10.     A proposed order allowing the relief requested herein is submitted herewith for consideration by the Court.

**WHEREFORE**, Vanderbilt respectfully requests that the Court shorten the briefing schedule, consider the motion for temporary stay and general stay pending appeal on an expedited basis, and allow Vanderbilt such other and further relief as the Court deems just and proper.

Respectfully submitted this the 18th day of April, 2013.

**VANDERBILT MORTGAGE AND FINANCE, INC.**

By: */s/ Randall L. Saunders*

Randall L. Saunders, Esq. (WV Bar No. 10162)
**NELSON MULLINS RILEY SCARBOROUGH LLP**
949 Third Avenue, Suite 200
P.O. Box 1856
Huntington, West Virginia 25701
(304) 526-3500 – Telephone
(304) 526-3599 – Facsimile

**Counsel for Defendant-Petitioner,**
**VANDERBILT MORTGAGE AND FINANCE, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF WEST VIRGINIA
AT CHARLESTON

VANDERBILT MORTGAGE AND ... )
FINANCE, INC., ... )  CIVIL ACTION NO. 2:13-MC-00048
  ... )
  ... )
    Defendant-Petitioner, ... )
  ... )
      vs. ... )  (Related Action:
  ... )  Adv. Pro. No.: 2:12-AP-02026 in
JULIE RENEE BUTLER, ... )  Bankruptcy Case No. 11-20818
  ... )  (Chapter 13))
    Plaintiff-Respondent. ... )
  ... )
  ... )
  ... )
  ... )
  ... )
  ... )

## CERTIFICATE OF SERVICE

      The undersigned counsel does hereby certify that on April 18, 2013, I filed the foregoing document entitled ***"Motion to Shorten Briefing Schedule and for Expedited Consideration of Request for Temporary Stay and Motion for General Stay Pending Appeal"*** with the court through the ECF system and a copy of the above was sent to the following persons by placing a copy in the United States Mail in a postage paid envelope designating delivery by First Class Mail to the address listed below:

      Dan Hedges, Esq.
      Jennifer Wagner, Esq.
      Mountain State Justice, Inc.
      1031 Quarrier Street, Suite 200
      Charleston, WV 25301


        /s/ *Randall L. Saunders*
        Randall L. Saunders, Esq.  (WV Bar No. 10162)